SAMUEL EDELSTEIN, PLAINTIFF-RESPONDENT, v. HUB LOAN COMPANY, DEFENDANT-APPELLANT.

Argued October 6, 1942—Decided February 2, 1943.

Before Justices BODINE, HEHER and PERSKIE.

For the appellant, *Harry Kay.*

For the respondent, *Irving Edelstein* (*Charles N. Kors,* of counsel).

The opinion of the court was delivered by

HEHER, J. The question for decision is whether appellant, a corporation licensed to make loans conformably to the provisions of *R. S.* 1937, 17:10-1, *et seq.,* has been guilty of a violation of *section* 17:10-14 under these circumstances, set out in the state of the case settled by the District Court Judge: On January 9th, 1941, respondent borrowed $190 from appellant, and evidenced the loan by his promissory note. On September 17th, 1941, respondent "was in default upon said promissory note to the extent of $83.17, and interest." Appellant brought an action against respondent in the East Rutherford District Court to recover the installment thus in default, "as provided for in said promissory note," and thereupon deposited with the clerk of the court the sum of $4.56, the fees prescribed by *R. S.* 1937, 22:2-44 and 22:2-45, for the issuance and service of process. Service

of the summons was made; and, upon the return day, there was no appearance, and the record was marked accordingly. There was no action upon the default, and no further proceedings in the cause. Payments were resumed by respondent, and continued until March 11th, 1942, when he "gave to" appellant, and appellant "accepted," the sum of $22.32, representing the balance of the principal of the promissory note and all interest thereon, $17.76, and the fees paid to the clerk of the District Court, $4.56. The contention is that the acceptance of the sum thus paid for court costs and service fees constituted a violation of *section* 17:10-14, *supra,* and the lender is therefore liable to the borrower for the return of the entire sum paid to it in satisfaction of the loan. Judge Glavin resolved the issue in the affirmative; and we are in accord with that determination.

The last-cited section of the statute directs that no "charge or amount for any examination, service, brokerage, commission, expense fee, or bonus or other thing or otherwise shall be directly or indirectly charged, contracted for, or received," in addition to the permissible exaction for interest, "except on actual sale of the security in foreclosure proceedings or upon the entry of judgment;" and the penalty is the voiding of the contract of loan and forfeiture of the lender's right of recovery under the contract and a liability to return to the borrower "any sums paid or returned" to the former by the latter "on account of or in connection with the loan." Moreover, violation of this section is made a misdemeanor. *Section* 17:10-21.

Since there was no judgment in the action upon the note, the acceptance of reimbursement for the moneys expended for court costs and service fees would seem to have been a palpable transgression of this peremptory statutory command. But it is maintained that the failure to prosecute the action to judgment was at the borrower's solicitation, and in consideration of his promise to liquidate the arrears, and was therefore to his advantage, and reimbursement for such expenditures is in these circumstances within the spirit of the act; and that, at all events, the recovery of these disbursements is permissible since, under *R. S.* 1937, 2:32-23 and 2:32-25,

it was incumbent upon the borrower, if he would avoid judgment, to pay the amount of the demand, with all costs incurred by the lender, and as well, if *section* 2:32-25 be invoked, a fee of 5% of the amount of his payment for the lender's attorney. The point is not well-taken.

The legislation embodied in *sections* 17:10-1, *et seq.,* is *sui generis;* and its several provisions are to be considered and interpreted in the light of the essential object to be effected. It regulates the small loan business in the public interest. The design was the eradication of the abuses and evil practices that had attended the conduct of this business, primarily the unconscionable and oppressive interest exactions; and, if the statutory policy is to be fulfilled, the specific provisions of the act must needs take precedence over all prior and contemporaneous repugnant general provisions. The statute plainly regards the item here in question as an expense in the conduct of the lender's business not chargeable to the borrower until the entry of judgment—one to be absorbed by the gross interest income of the lender. *Howard* v. *Confidential Loan Plan,* 125 *N. J. L.* 74. Obviously, the statute does not view the maximum interest rate in terms of net income. If, for example, *section* 2:32-25, *supra,* be deemed applicable to all actions brought by the lender to recover loans under the Small Loan Act, then the lender would also be entitled to receive the attorney's fee of 5% of the sum paid in liquidation of the demand; and this would indubitably constitute a "charge" or "expense fee" proscribed by the statute in the absence of a judgment. *Consolidated Plan of New Jersey, Inc.,* v. *Shanholtz,* 7 *N. J. Mis. R.* 876; *affirmed, sub nom. Consolidated Plan of New Jersey* v. *Palkowitz,* 107 *N. J. L.* 517; *Richmond* v. *Conservative Credit System,* 110 *Id.* 73.

All these provisions are to be construed together so as to accomplish the legislative purpose. To this end, the general is controlled by the particular intent. The object of the general enactment is effectuated except as to the particulars in which a different design is revealed. The particular intention is considered an exception to the general provision and suspends its operation *pro tanto.* Even where two irrecon-

cilable statutory provisions, separated in point of time of enactment so that the earlier was by implication repealed by the later, are incorporated into a revision of general laws, the re-enactment of the former is deemed an oversight and without effect. *Lewis' Sutherland Statutory Construction* (2d *ed.*) § 271.

While the Small Loan Act is generally remedial in nature, the provisions enjoining the imposition of charges and expenses not specifically authorized are highly penal, and are therefore to be strictly construed. Not only does a violation entail the forfeiture of the moneys loaned, whether repaid or not, but, as stated, the lender is guilty of a misdemeanor. A statute may be both penal and remedial; and its several provisions are to be treated in this regard according to their nature. But this principle does not avail appellant. The exaction in question is clearly within the express prohibition of the statute.

Judgment affirmed, with costs.